Cook, J.,
delivered the opinion of the Court.
The plaintiff in error sued out a scin facias against the defendant, on a recognizance in appeal. The sci. fa. charges, that the amount of the judgment, &c., has not been paid by defendant, in the former suit, and requires the defendant, in this action, to show cause why the plaintiff shall not have execution against him for the amount of said judgment; and, on general demurrer, the Circuit Court gave judgment for the defendant. The points presented for the consideration of this Court, are: First, whether the action will lie against Vanzant alone, upon the joint recognizance of him and Wilkins, the appellant? Secondly, whether, the recognizance be a record of the Circuit Court or of this Court; and, thirdly, whether the breach is sufficiently assigned ?
On the first point, the statute is conclusive, “ That, in all cases of joint obligations and assumptions, suits may be brought and prosecuted in the same manner as if the same were joint and several. This pr ovision comprehends all cases of joint liability in matters of contract, and embraces this case upon recognizance. On the second point, the action was well brought on the recognizance, as a record of the Circuit Court; it is required by law to be taken in that Court, in a cause then pending therein, and is a subject of its jurisdiction. On the third point, the judgment of the Circuit Court is right. The sci. fa. avers the non-payment, by Wilkins, of the *135 judgment, &c., against him only, and calls on the bail to show caúse why the plaintiff shall not have execution against him for the damages and costs aforesaid. The liability of the bail is on the recognizance, not on the judgment, and the plaintiff must demand according to his right to recover.
The case of Barlow v. Evans, 1 Wilson’s Rep. 98, decides this case. That was a sci. fa. on a recognizance of bail upon a writ of error; the judgment was for damages, as in this case, and the same exception was taken. The Court there decided, that the sci. fa. should have been to show cause why the plaintiff should not have execution of the debt mentioned in the recognizance, and not of the damages and costs. There, the objection was specially assigned as a cause of demurrer, but, in its nature, it seems to be a defect in substance, was so considered by the Court in that case.
The judgment must, therefore, be affirmed, with costs.
Motion for rehearing, granted.